**United States Bankruptcy Court**
**District of Minnesota**

IN RE:                                                                                    Case No. _____

**Derbidge, Craig Lawrence**                                                              Chapter **13**

Debtor(s)

## CHAPTER 13 PLAN
Dated: **December 5, 2013** .

**1. PAYMENTS BY DEBTOR TO TRUSTEE** –
a. As of the date of this plan, the debtor has paid the trustee $ **0.00** .
b. After the date of this plan, the debtor will pay the trustee $ **varies**[1] per **month** for **60** months, beginning within 30 days after the filing of this plan for a total of $ **19,996.00**. The minimum plan length is ☐ 36 or ☒ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
c. The debtor will also pay the trustee: **n/a**
d. The debtor will pay the trustee a total of $ **19,996.00** [line 1(a) + line 1(b) + line 1(c)].
[1] **44 payments of $245.00 followed by 16 payments of $576.00**

**2. PAYMENTS BY TRUSTEE** – The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,999.60** , [line 1(d) x .10].

**3. ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

| Creditor | Monthly Payment | Number of Months | TOTAL PAYMENTS |
|---|---|---|---|
| None | | | |
| TOTAL | | | 0.00 |

**4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| Creditor | Description of Property |
|---|---|
| None | |

**5. CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| Creditor | Description of Claim |
|---|---|
| Capital One Auto Finance | 2011 Jeep Wrangler Sport (approximately 15,000 miles) |

**6. HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. All following entries are estimates. The trustee will pay the actual amounts of default.

| Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| None | | | | | |
| TOTAL | | | | | 0.00 |

**7. CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. All following entries are estimates, except for interest rate.

| Creditor | Amount of Default | Int. rate (if any) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**8. OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Monthly Payment | Number of Payments | Payments on Account of Claim | Adequate Protection from ¶ 3 | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|
| None | | | | | | | | | |
| TOTAL | | | | | | | | | 0.00 |

**9. PRIORITY CLAIMS** – The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates*. The trustee will pay the amounts actually allowed.

| Creditor | Estimate Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Anderson & Associates, LLC | 1,500.00 | 214.29 | 1 | 7 | 1,500.00 |
| Internal Revenue Service | 2,000.00 | 142.86 | 7 | 14 | 2,000.00 |
| Utah State Tax Commission | 812.35 | 58.03 | 7 | 14 | 812.35 |
| TOTAL | | | | | 4,312.35 |

**10. SEPARATE CLASSES OF UNSECURED CREDITORS** – In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows:
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates*.

| Creditor | Int. Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| None | | | | | | |
| TOTAL | | | | | | 0.00 |

**11. TIMELY FILED UNSECURED CREDITORS** – The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **13,684.05** [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f), and 10(c)].
a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **12,670.73**.
b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **44,190.05**.
c. Total estimated unsecured claims are $ **56,860.78** [line 11(a) + line 11(b)].

**12. TARDILY-FILED UNSECURED CREDITORS** – All money paid by the debtor to the trustee under ¶ 1, but not distributed by the trustee under ¶ 2, 3, 6, 7, 8, 9, 10, or 11 will be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

**13. OTHER PROVISIONS** – The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
**a.  Late claims:  Notwithstanding paragraph 12, proof of claims received after the deadline shall not be paid by the trustee and discharged upon completion of plan.**

**b.  Taxes owing:  Pursuant to 11 USC 1305 the IRS and MN DEPT OF REV, shall be allowed to file, and the trustee shall pay, post-petition claims for tax year 2013.**

**c.  Tax Refunds:  The debtor shall provide the trustee with copies of the debtor's federal and state income tax returns annually for the duration of the chapter 13 case. The debtor may keep the first $1,200.00 of the refund in an individual case. Any amount in excess of $1,200.00 in a joint case shall be paid to the trustee as an additional plan payment.**

**d.  Car Statements.  Upon confirmation of this plan,  Capital One Auto Finance, shall recommence issuing monthly billing statements to the debtor at the debtor's address listed in the bankruptcy petition as to post petition mortgage that come due after confirmation of the plan.**

**e.  Employment Bonuses The debtor shall provide the trustee with copies of any paystubs that reflect a bonus payment.  If the debtor will incur or have incurred any reasonable or necessary expenses, including but not limited to medical, dental, household repairs, or vehicle repairs, they will submit in writing a request to the Trustee with detailed information of the expense and request they be allowed to use the bonus to pay for the same.  The request will be reviewed by the trustee and the trustee shall have the discretion to approve or deny the same.**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**14. SUMMARY OF PAYMENTS** –

| | |
|---|---|
| Trustee's Fee [Line2) | $ **1,999.60** |
| Home Mortgage Defaults [Line 6(d)] | $ **0.00** |
| Claims in Default [Line 8(d)] | $ **0.00** |
| Other Secured Claims [Line 8(d)] | $ **0.00** |
| Priority Claims [Line 9(f)] | $ **4,312.35** |
| Separate Classes [Line 10(c)] | $ **0.00** |
| Unsecured Creditors [Line 11] | $ **13,684.05** |
| TOTAL [must equal Line 1(d)] | $ **19,996.00** |

**Nicole Anderson 0336038**
**Anderson & Associates, LLC**
**1650 11th Ave SW, Suite 203**
**Forest Lake, MN  55025**
**(651) 464-8510**

Signed:  */s/ Craig Lawrence Derbidge*
                        DEBTOR

Signed:  _____
                        DEBTOR (if joint case)

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only